IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL HASH, LORNA HART, and DR. CHRISTIANSEN,<br><br>Defendants. | CV-22-90-H-SEH<br><br>ORDER |

Plaintiff Donnie Mack Sellers (Sellers), in forma pauperis without counsel, brought suit alleging constitutional violations associated with his incarceration.[1] The complaint fails to state a claim for federal relief.

## BACKGROUND

Sellers is a state prisoner incarcerated at Montana State Prison (MSP). He alleges Defendants Daniel Hash, Lorna Hart, and Christiansen (FNU), ("Defendants") violated his Eighth Amendment rights by not providing proper dental care.[2] He further asserts Defendants are retaliating against him for filing a previous lawsuit and "denying Sellers any dental care at all."[3]

---

[1] Doc. 2.
[2] *Id.* at 3.
[3] *Id.* at 5 (cleaned up).

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint was reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Fed. R. Civ. P. 8 requires that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[4] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] The allegations must cross "the line from conceivable to plausible."[6]

*Pro se* filings are "to be liberally construed."[7] A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[8]

## ANALYSIS

The complaint does not assert claims upon which relief can be granted. Sellers has failed to allege sufficient facts to state a claim against any named Defendant. Although Sellers claims he has not received "any care at all," the

---

[4] Fed. R. Civ. P. 8(a)(2).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[6] *Id.* at 680.
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[8] *Id.*

grievance forms attached to the complaint belie that allegation.[9] Moreover, Sellers has not stated specific allegations regarding dates or times when any Defendant was aware of Sellers' medical need and exhibited deliberate indifference in response.

Sellers previously brought similar Eighth Amendment claims in *Sellers v. Leaver*, CV 21-5-H-SPW-KLD, in which dispositive orders were issued that dismissed Defendants or entitled them to summary judgment.[10] Sellers now attempts to circumvent that ruling by suing various supervisors.

A plaintiff, to impose 42 U.S.C. § 1983 liability on a supervisor, must establish the supervisor's <u>prior</u> knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes.[11] Allegations against supervisors that are "bald" and "conclusory" only, must be dismissed.[12]

Sellers has failed to allege sufficient facts to plausibly establish any of the named defendants had "knowledge of and acquiescence in the unconstitutional

---

[9] *See* Doc. 2-1.
[10] The Court takes judicial notice of those dispositive orders.
[11] *Howell v. Earl*, No. CV 13-48-BU-DWM-JLC, 2014 U.S. Dist. LEXIS 82450, at *40 (D. Mont. 2014) (citing *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011); *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)).
[12] *Hydrick v. Hunter*, 669 F.3d 937, 940 (9th Cir. 2012).

conduct of [their] subordinates."[13] He has not plausibly alleged specific facts regarding behavior that manifested deliberate indifference.

**ORDERED:**

1.   This matter is **DISMISSED**.

2.   The Clerk of Court is directed to close this matter and enter judgment under Fed. R. Civ. P. 58.

3.   The Clerk of Court is directed to have the docket reflect that the Court certifies under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 9th day of March, 2023.

*[signature]*
Sam E. Haddon
United States District Court Judge

---

[13] *Id.* at 942 (citing *Starr*, 652 F.3d at 1206–07) (cleaned up).